IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL UNION OF OPERATING : CIVIL ACTION
  ENGINEERS OF EASTERN PENNSYLVANIA : NO.
  AND DELAWARE BENEFIT PENSION FUND, :
INTERNATIONAL UNION OF OPERATING :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE HEALTH AND WELFARE :
  FUND, :
INTERNATIONAL UNION OF OPERATING :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE APPRENTICESHIP & :
  TRAINING FUND, :
INTERNATIONAL UNION OF OPERATING :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE SUPPLEMENTAL :
  UNEMPLOYMENT BENEFIT FUND, and :
INTERNATIONAL UNION OF OPERATING :
  ENGINEERS OF EASTERN PENNSYLVANIA :
  AND DELAWARE ANNUITY FUND :
  P.O. Box 1627 :
  Fort Washington, PA 19034, :
      :
    and :
      :
INTERNATIONAL UNION OF OPERATING :
  ENGINEERS, LOCAL 542, AFL-CIO, :
  1375 Virginia Drive, Suite 100 :
  Fort Washington, PA 19034, :
      :
      Plaintiffs, :
      :
    v. :
      :
W.E. YODER, INC. :
  41 South Maple Street :
  Kutztown, PA 19530, :
      :
      Defendant. :

# COMPLAINT

## INTRODUCTION

This is an action brought by employee benefit plans to collect delinquent contributions, interest on delinquent contributions, liquidated damages, and attorneys' fees, and by a labor union to collect unremitted union dues, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and section 301 of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds maintain their principal place of business at P.O. Box 1627, Fort Washington, Pennsylvania 19034.

5. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto, Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant W.E. Yoder, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union maintains its principal place of business at 1375 Virginia Drive, Suite 100, Fort Washington, PA 19034.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, W.E. Yoder, Inc. (hereinafter the "contributing employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. At all times relevant hereto, the contributing employer was a party to a collective bargaining agreement whereby it agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

## COUNT ONE
## Funds v. Contributing Employer
## Delinquent Contributions under ERISA and LMRA

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. The amount of contributions due to each of the Funds from the contributing employer is determined by the hours worked and wages paid to employees covered by the collective bargaining agreement during a calendar month. (Exhibit A, Article V, pp. 31-33)

13. Pursuant to Article V, Section 7(1) of the collective bargaining agreement, the above contributions are due to the Funds on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 1)

14. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per

4

annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 33-34)

15. Pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, pp. 33-34)

16. The contributing employer submitted remittance reports showing that a total of $12,453.03 was due to the Funds for the reporting months of August 2017 through December 2017, without submitting any payments for those amounts. True and correct copies of the remittance reports are attached hereto as Exhibit B.

17. By letter dated March 6, 2018, the Fund and Union, through their counsel, sent the contributing employer a letter, care of Ellen Moyer, the individual who submitted the remittance reports, demanding payment of the delinquent amounts, plus interest, as well as the dues owed to the Union. A true and correct copy of the March 6, 2018 letter is attached hereto as Exhibit C.

18. On March 15, 2018, counsel for the Funds and Union received an email from William Yoder, President of the contributing employer, stating that he had received the March 6 letter and asking that future correspondence be directed to his attention. A true and correct copy of the March 15, 2018 email and response is attached hereto as Exhibit D.

19. On March 15, 2018, counsel for the Funds and Union responded to Mr. Yoder by promising to direct future correspondence to him and asked, "[w]hen can my client expect payment of the amounts demanded in my March 6 letter?" (Exhibits D)

20. Mr. Yoder failed and refused to respond to the March 15, 2018 email.

21. Other than the March 15, 2018 email message, the contributing employer did not respond to the March 6, 2018 letter.

22. To date, the contributing employer has not paid any of the delinquent amounts.

23. As of April 5, 2018, the principal delinquency set forth in paragraph 16 has accrued $466.55 in interest, pursuant to Article V, Section 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B).

24. In addition to the principal and interest, the contributing employer owes $1,245.30 in liquidated damages, pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii).

25. Pursuant to Article V, Sections 7(5) and (11) of the collective bargaining agreement (Exhibit B) and 29 U.S.C. §1132(g)(2)(D), the contributing employer is also liable for the Funds attorneys' fees and costs in this action.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Funds for the following:

(1) $12,453.03 in principal delinquent contributions for the August 2017 through December 2017 work months, pursuant to Article V of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) $466.55 in interest as of April 5, 2018, pursuant to Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

(3) Additional interest that will accrue on the delinquent principal after April 5, 2018, pursuant to Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

(4) $1,245.30 in liquidated damages, pursuant to Article V, Sections 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C.

§1132(g)(2)(C)(ii);

(5) Plaintiffs' reasonable attorneys' fees and costs pursuant to Article V, Section 7(5) and (11) of the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

(6) Any other further relief the court finds just and proper.

## COUNT TWO
## Union v. Contributing Employer
## Delinquent Dues under LMRA

26. The above paragraphs are incorporated herein by reference as though duly set forth at length.

27. Article V, Section 8 of the collective bargaining agreement requires the contributing employer to deduct union dues from the wages of employees who authorize such deduction and to remit the deducted amounts to the Union. (Exhibit A, p. 35)

28. Such remitted dues must be submitted to the Union, along with a report of the deduction on the remittance report submitted to the Funds, by the twenty-fifth day of the month following the reporting month. (Exhibit A, pp. 33 and 35)

29. Although the remittance reports submitted by the contributing employer indicate that a total of $417.63 was deducted from employees' paychecks as dues deductions during the months of August 2017 through December 2017 (see Exhibit B), no such dues were remitted to the Union.

30. Despite notice of the late penalties and demands for payment thereof, the contributing employer has failed and refused to pay. (See Exhibits C and D)

31. The contributing employer's actions violate the terms of the collective bargaining agreement.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Union for:

(1) $417.63 in union dues pursuant to 29 U.S.C. §185 and the collective bargaining agreement;

(2) Grant any other further relief the court finds just and proper.

## COUNT THREE
### Union v. Contributing Employer
### Conversion

32. The above paragraphs are incorporated herein by reference as though duly set forth at length.

33. The Court has supplemental subject matter jurisdiction of the pendant state law claims under 28 U.S.C. § 1367.

34. Pursuant to Article V, Section 8 of the collective bargaining agreement, union dues are deducted from employees' paycheck to be forwarded to the Union by the contributing employer. (Exhibit A, P. 35)

35. The dues deducted from employees' paycheck are the property of the Union and are to be held in trust and promptly remitted by the contributing employer.

36.  By failing to remit the dues that had been deducted from employees' paychecks, the contributing employer is liable for the tort of conversion.

WHEREFORE, plaintiffs ask that the Court:

(1) Enter judgment in favor of the plaintiff Union and against the defendant contributing employer in the amount of $417.63 for unremitted dues that were deducted from employees' paychecks during the months of August 2017 through December 2017; and

(2) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
REGINA C. HERTZIG, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated:  April 5, 2018